[Crim. No. 1137.    Department Two.—April 25, 1905.]

## THE PEOPLE, Respondent, v. AUGUST HELWIG, Appellant.

CRIMINAL LAW—ARSON—EVIDENCE—VALUE OF INSURED FURNITURE—CROSS-EXAMINATION—ORIGINAL VALUE.—Upon the trial of a defendant charged with arson of a building occupied by him as a lodging-house and restaurant, in which the personal property had been insured for five hundred dollars, but was not injured, where a second-hand furniture dealer testified for the prosecution that a few days after the fire he purchased the personal property for fifty dollars, it was not proper cross-examination to ask him what was its original value.

ID.—VALUE AT ·TIME OF INSURANCE—WITNESS FOR DEFENDANT—HARMLESS RULING.—The proper issue was as to the value of the property insured at the time of the insurance, and it was not error to refuse to allow the same witness to testify for the defendant as to its value when new; and the exclusion thereof could not be prejudicial, where the defendant had been allowed to testify to what he paid for the furniture insured, and it was shown that the insurance agent had examined it when he fixed the value.

APPEAL from a judgment of the Superior Court of Butte County and from an order denying a new trial.    John C. Gray, Judge.

The facts are stated in the opinion of the court.

George E. Gardner, for Appellant.

U. S. Webb, Attorney-General, and C. N. Post, Assistant Attorney-General, for Respondent.                                ₒ

McFARLAND, J.—Defendant was convicted of arson, and appeals from the judgment and from an order denying his motion for a new trial.    There are no points and authorities or brief on behalf of appellant on file, and at the oral argu-

ment his counsel did not contend that the evidence does not
support the verdict or that the trial court erred in instructing
the jury or in any respect other than in two rulings made in
respect to the testimony of the witness J. W. Jewell. The
building which appellant was charged with burning was occu-
pied by him as a lodging-house and restaurant; and he had
in it some personal property which he had insured a few days
before the fire for five hundred dollars. This personal prop-
erty was not injured by the fire, which was extinguished
before any considerable damage was done; and the prosecu-
tion called the said witness Jewell, who testified that a few
days after the fire he bought all this personal property from
appellant for fifty dollars. Now, the argument of appellant's
counsel is, that the court afterwards refused to allow him to
prove the value of the property at the time it was insured,
and thus remove the impression that it was insured for more
than its value. But the record does not show any foundation
for this argument. Appellant was not prevented from show-
ing the value of the property at the time of the insurance.
The appellant himself, as a witness, testified, over the objec-
tion of the prosecution, very fully as to the value of the prop-
erty and that it had cost him nearly eight hundred dollars;
and it was shown that the insurance agent had examined the
property when he fixed five hundred dollars as its value. The
witness Jewell, after testifying that he was a dealer in second-
hand furniture, was asked by the prosecution to state: "What
you paid for the property and how you arrive at the price—
that is, your conversation with Mr. Helwig." He testified
that he went to see Helwig and asked him what he would take
for the property, and Helwig said fifty dollars, whereupon
witness gave him the money and took a bill of sale. Then, on
cross-examination, appellant's counsel asked him, "What do
you consider the value of that property?" To this question
the prosecution objected, but the objection was overruled. and
the witness went on to testify on the subject—saying that it
was worth about one hundred dollars. After a number of
questions by appellant's counsel and answers by witness, the
latter was asked, "Could you buy them in the market for that
price?" to which the district attorney objected that "It does
not tend to prove value and is not cross-examination," and the
objection was overruled. Afterwards the witness said: "Do

you mean could I go and purchase that same amount of goods new from some retail dealer?'' and counsel for appellant said, ''No, those goods second-hand, used, in the condition they were,'' to which witness said that he could. Thereupon, counsel for appellant said, ''I wanted the original value,'' and then the court said, ''Objection sustained.'' It is clear from this record that the objection to the testimony of the witness to the actual value of the property as second-hand furniture was overruled, and that the only question excluded was as to the ''original value.'' Afterwards the appellant called the said Jewell as his own witness, and simply asked him the direct question,—referring to the said personal property,— ''What is it worth new?'' and the objection of the prosecution to the question that it was immaterial, irrelevant, and incompetent was by the court sustained. Upon these rulings of the court touching the testimony of the witness Jewell appellant bases his sole contention for a reversal of the judgment. But we do not think that these rulings constitute good ground for reversal. The question asked Jewell when he was a witness for the prosecution was not proper cross-examination. When he was a witness for appellant the sole question asked him was as to the value of the property when new. The issue was the value of the property as second-hand property at the time of the insurance—not its value when new. It may be that where an adverse witness has testified to the value of second-hand property it would be proper to ask him on cross-examination what its value was when new, for the purpose of testing his general knowledge of the subject; but it was not proper as an original and isolated question asked by appellant of his own witness. Moreover, taking the whole case together, it is evident that the said rulings of the court as to the testimony of the witness Jewell, even if they could be considered as erroneous, were not of sufficient importance to have been prejudicial to appellant, or to afford just grounds for a new trial.

The judgment and order appealed from are affirmed.

Henshaw, J., and Lorigan, J., concurred.